J-A21007-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| MICHAEL MCCARTHY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| V. | |
| DRISCOLL CONSTRUCTION CO. INC., L.F. DRISCOLL CONSTRUCTION CO. L.L.C. | |
| V. | |
| THE NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK | |
| | |
| APPEAL OF: DRISCOLL CONSTRUCTION CO. INC. | |
| | No. 492 EDA 2013 |

Appeal from the Order January 4, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 110103903

--------------------------------------------------------------------------------------

| | |
|---|---|
| MICHAEL MCCARTHY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| V. | |
| DRISCOLL CONSTRUCTION CO. INC., L.F. DRISCOLL CONSTRUCTION CO. L.L.C. | |
| V. | |
| THE NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK | |
| | |
| APPEAL OF: DRISCOLL CONSTRUCTION CO. INC. | |
| | No. 496 EDA 2013 |

Appeal from the Order January 4, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 110103904

BEFORE:  BOWES, J., OTT, J., and STRASSBURGER, J.[*]

CONCURRING STATEMENT BY OTT, J.:          **FILED NOVEMBER 19, 2014**

While I agree with the disposition of this matter, I write separately to note my concern about the procedure used by McCarthy to raise the cross-motion for indemnification against Driscoll.

Relevant to this issue, on October 25, 2012, Driscoll filed a post-trial motion raising a number claims of error including a request for remittitur. On November 9, 2012, McCarthy filed his answer in opposition and additionally asked for imposition of interest.

On December 10, 2012, Amtrak filed motion for counsel fees against McCarthy.  Although Driscoll was served with a copy of the motion, Driscoll had no interest in the outcome of the motion.  On January 3, 2013, McCarthy filed his answer to Amtrak's motion for counsel fees.  Additionally, in that answer, McCarthy added a "Counter Motion for Indemnification from Driscoll."  Driscoll's prior motion for post-trial relief was still pending at the time McCarthy appended the "counter motion" to his answer to Amtrak's motion. The cover sheet to McCarthy's answer does not indicate a "counter motion" has been included.  Accordingly, no response date to the "counter

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

motion" appears on the cover sheet. The "counter motion" never appears on the official docket.

Black's Law Dictionary contains no definition of a "Counter Motion." However, "counter" is generally defined as being "adverse, antagonistic, opposing or contradicting, contrary." Black's Law Dictionary, Fifth Edition. Technically, McCarthy's self-titled "Counter Motion" did not counter anything in Amtrak's Motion for Counsel Fees. At the same time McCarthy filed his "Counter Motion", another post-trial motion, specifically concerning issues between Driscoll and McCarthy was pending. Yet, McCarthy did not file the "Counter Motion" in his response to Driscoll's post-trial motion, the most logical place for it. The official record contains no indication why McCarthy did not append the "counter motion" to his answer to Driscoll's motion, but instead appended it to a completely unrelated motion.

Whether these choices by McCarthy were intentional or inadvertent, (1) filing a counter motion that is counter to nothing, (2) appending it to an answer to a motion that has nothing to do with the party the counter motion addresses, (3) failing to note the attachment of the counter motion on the cover sheet, and (4) failing to note the appropriate answer date on the cover sheet, raises questions.[1]

---

[1] Clearly, Driscoll is not blameless. It admittedly received a copy of the answer to the motion but for unexplained reasons failed recognize the import of the counter motion.

I note as well that the Honorable Albert W. Sheppard, Jr., of the Court of Common Pleas of Philadelphia County also disapproved of such a method.

> First, in its response to the Motion for Judgment on the Pleadings, plaintiff included a Cross-Motion for Partial Summary Judgment on the issue of outstanding management fees allegedly due and owing. No control number was initially assigned to this cross-motion, nor is such a cross-motion proper in a procedural sense because it does not automatically trigger an answer by the opposing party and the Motion for Partial Summary Judgment would otherwise go uncontested.

*RRR Management v. Basciano v. Rappaport*, Phila.Ct.Com.Pl., 0101-04039, 3/4/2002, at 2 n.1.[2]

Despite my concern regarding the procedure used by McCarthy, Driscoll cannot prevail. McCarthy is correct that there are no rules actually forbidding attaching an unrelated post-trial motion to a motion controlled by different procedural rules.[3] Because McCarthy did not violate a rule of procedure, Driscoll cannot claim harm *per se*. Rather, I believe Driscoll needed to provide an arguable claim of prejudice, such as a possible defense

_____

[2] McCarthy points out that the counter motion for indemnification was a post-trial motion that did not require assignment of a control number pursuant to local rule. Even so, I echo Judge Sheppard's concern over such procedure resulting in a ruling on an "uncontested" motion. In that regard, *RRR Management* is similar to the instant case.

[3] In his brief, McCarthy asserted the motion for counsel fees filed by Amtrak was subject to local rules of civil procedure 208.3 through 210, while his counter motion was subject to local rule 227.1. Because the counter motion did not require a separate cover sheet, McCarthy argues it was permissible for him to append it to his answer to a motion that did require a cover sheet. This procedural loophole should be easily preventable by an amendment to the local rules.

to the indemnification clause at issue. While I express concern about McCarthy's procedural methodology, without an arguable claim of prejudice, Driscoll cannot obtain relief.

Judge Strassburger joins the concurring statement.